UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :     **ORDER**
v.                                :
                                  :     18 CR 886 (VB)
SAED RABAH,                       :
                    Defendant.    :
--------------------------------------------------------x

By letter dated May 8, 2020 (Doc. #48), defendant Saed Rabah moves for a "compassionate release" pursuant to 18 U.S.C. §§ 3582(c)(1)(A)(i) and 3624(c).

The Court has no authority under Section 3624(c) to order the early release of a sentenced defendant. See, e.g., United States v. Ogarro, 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020); United States v. Rodriguez, 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). Accordingly, to the extent the motion seeks any relief under that statute, the motion is DENIED. Defendant may wish to address any such request to the Warden at his facility and/or to the Bureau of Prisons.

Section 3582(c)(1)(A) contains an explicit exhaustion requirement: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

Defendant does not claim he made any effort to exhaust his administrative remedies under Section 3582(c)(1)(A) prior to submitting the instant motion. The Court does not have the power to waive that requirement. See, e.g., United States v. Ogarro, 2020 WL 1876300, at *3-5; United States v. Roberts, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

By May 18, 2020, the government shall advise the Court in writing whether it is willing to waive Section 3582(c)(1)(A)'s exhaustion requirement in this case. If the government is not willing to waive, the Court will deny the Section 3582(c)(1)(A) motion without prejudice to re-filing after the exhaustion requirement has been satisfied.

Dated: May 11, 2020
       White Plains, NY                SO ORDERED:

                                       _____
                                       Vincent L. Briccetti
                                       United States District Judge

1